THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: April 21, 2016



Susan V. Kelley
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re                                    Chapter 13
Betzaida Gomez,                          Case No. 12-24153-svk
       Debtor.

**ORDER DENYING MOTION FOR RELIEF FROM STAY WITHOUT PREJUDICE**

      On March 18, 2016, The Law Office of Arthur Heitzer ("Heitzer") filed a Motion for Relief from Automatic Stay. Heitzer allegedly sent notice of the Motion to the Debtor in care of her attorneys, which is improper service under Bankruptcy Rule 9014 and 7004(b)(9). The certificate of service filed with the Motion does not correctly identify the parties served, the manner in which they were served, or the actual addresses used to serve them, merely ambiguously referring to "as noted above" as the service method, when nothing is noted. This certificate of service is not sufficient to prove that the Motion was properly served.

      The Motion recites that Heitzer is not listed as a creditor in the Debtor's schedules, but that the Debtor owed Heitzer over $52,846 for legal services provided to the Debtor prior to the petition. No bills, invoices or account statements are attached to the Motion to support this claim. The Debtor's statement of financial affairs reflects no pre-petition litigation, and her schedules disclose no potential claims that could generate these large legal fees. The Motion further recites that post-petition, without knowledge of the automatic stay, Heitzer obtained a judgment against the Debtor for over $56,516. Heitzer then garnished the Debtor's wages starting in October 2014. The Motion states that Heitzer learned of the Debtor's bankruptcy in 2015. The Motion seeks relief from the stay to collect the unpaid legal fees and pursue further collection activities on the judgment.

      A judgment entered in violation of the automatic stay is void. *See In re Mid-City Parking, Inc.*, 332 B.R. 798 (Bankr. N.D. Ill. 2005) (vast weight of authority holds legal actions violating the stay are null and void ab initio). Once Heitzer learned of the stay, Heitzer was under a duty immediately to cancel the garnishment and reverse any action taken in violation of the stay, including returning any garnished funds to the Debtor. *See Mitchell Constr. Co. v. Smith (In re Smith)*, 180 B.R. 311 (Bankr. N.D. Ga. 1995). Heitzer's duty on learning of the automatic stay would have included vacating the judgment, and, if not dismissing the underlying action, filing a notice of the bankruptcy in the action to alert the State court that the action had been stayed.

To grant relief from stay requires the moving party to show "cause". 11 U.S.C. § 362(d)(1). Heitzer stated no cause other than the fact that Heitzer was not listed as a creditor in the Debtor's bankruptcy. This alone does not provide cause to terminate the stay.

IT IS THEREFORE ORDERED: Heitzer's Motion for Relief from the Automatic Stay is denied. Heitzer may file another Motion seeking relief from stay but the Motion must (1) be properly served and supported by a clear, compliant certificate of service; (2) be supported by evidence of the Debtor's obligation to Heitzer; and (3) show adequate cause as to why the stay should be terminated to allow this creditor to pursue and collect a judgment against the Debtor.

#####